OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
This is an application, pursuant to section 358~a of the Social Services Law, to approve a voluntary placement instrument involving the child, Meena B.
At the fact-finding hearing, the caseworker who witnessed the parents’ signatures on the proffered instrument admitted that, at the time, he believed the child to be abused within the meaning of article 10 of the Family Court Act. The case record contains ample evidence to support that belief.
Nevertheless, the parents vigorously deny abusing the child and demand her return. They maintain, and the court so finds, that they executed the instrument in question only after being told that, unless they did so, a child abuse petition would be filed against them.
*685 In order to approve the instrument in question, the court must be satisfied that it was executed by the parents “knowingly and voluntarily and because *** they would be unable to make adequate provision for the care, maintenance and supervision of such child in *** their home”. (Social Services Law, § 358-a, subd [3]; emphasis supplied.)
Under subdivision 9 of section 424 of the Social Services Law, the Commissioner of Social Services may offer services to the family of any child believed to be abused. Where these services are refused, the commissioner “may inform the family of the obligations and authority of the child protective service to petition the family court for a determination that a child is in need of care and protection”. Among the services that may be offered pursuant to this section is voluntary, temporary foster care. (Social Services Law, § 384-a.)
Thus, there is statutory authority for confronting parents with a choice: either accept foster care by signing the instrument or take your chances in court. Nor does it follow that the resulting decision by the parents is per se involuntary. It may well be a perfectly voluntary judgment made after careful analysis of the legal and factual realities facing them. And, on the record in this case, the court finds that the instrument was, in fact, signed “knowingly and voluntarily”. A choice was offered and a choice was made. Moreover, the choice so offered in this case had a firm legal basis since there was, prima facie, sufficient evidence to support the filing of an abuse petition.
However, despite its voluntary execution, the instrument was not signed by the parents because of any belief on their part that they were unable to care, maintain or supervise the child in their home. On the contrary, they vigorously denied any culpability on their part or any inability to care properly for the child.
The use of the conjunction “and” between the words “voluntarily” and “because” in subdivision (3) of section 358-a of the Social Services Law suggests quite strongly that it is the parents’ belief and not objective reality that *686 is controlling. In light of the parents’ belief in their ability to provide adequately for the child at the time they executed the instrument, the statutory requirements have not been met.
The court has no doubt that a foster care placement is in the best interests of the child. And, in fact, a child abuse petition has been since filed in the Bronx Family Court. On the facts of this case, it is through that vehicle and not a voluntary placement instrument that such foster care status must be effected.
The petition is denied.